IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ANGELO J. HODGES                                                                    PETITIONER

VS.                                      CASE NO. 4:15CV00534 JLH/PSH

JOHN FELTS, Chairman,
Arkansas Parole Board                                                              RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Angelo J. Hodges ("Hodges") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. He names John Felts ("Felts"), the Chairman of the Parole Board, as the respondent in this case.

Hodges was released on parole from the Arkansas Department of Correction ("ADC") on May 15, 2014.  The conditions of parole included a requirement to report.  When Hodges failed to report in December 2014 and January 2015, a warrant was issued for his arrest.  Attached to the warrant, dated January 27, 2015, was a violation report from a week earlier citing four conditions which Hodges allegedly violated: (1) failure to report in December 2014 and January 2015; (2) absence from his approved residence and failure to inform his supervising officer of his whereabouts; (3) smoking marijuana, by Hodges' admission, on September 3, 2014; and (4) failure to pay supervision fees for August, October, December 2014 and January 2015.  See docket entry

no. 10-1.          On March 18, 2015, Hodges was given a Notice of Parole Revocation Hearing, indicating the hearing would occur on March 25, 2015 at the Crittenden County Jail. The notice stated that the purpose of the hearing was "to determine whether or not you have violated one or more of the conditions of your parole and, if you are found in violation, to determine whether or not your parole will be revoked." Hodges signed the Notice of Parole Revocation Hearing form, and identified on the form a witness he wanted to appear at the hearing. See docket entry no. 10-2.

The parole revocation hearing was conducted on March 25, 2015, as scheduled. Hodges did not call any witnesses, and entered a guilty plea to violating conditions described above as (1), (3), and (4). Hodges' parole officer, Jennifer Miller ("Miller"), testified. Hearing Officer James Williams II ("Williams") found, by a preponderance of the evidence, that Hodges had violated all four conditions of his parole as alleged in the violation report. Williams revoked Hodges' parole, advising Hodges of the decision at the time of the hearing. Williams recorded that Hodges was advised of his right to appeal. See docket entry no. 10-3.

Hodges' account of the parole revocation process is at odds with the documents submitted by Felts. In his petition, Hodges indicates he was arrested for parole violations on March 9, 2015. According to him, Miller visited him at the Crittenden County Detention Center on March 13, telling him he would be released in seven days and required to wear an ankle monitor for 30 days thereafter. Hodges claims that Miller returned to visit him on March 18, telling him he must attend the March 25 parole revocation hearing. He claims he "wasn't given a choice to waive my rights. I thought, maybe she knew that I would win my hearing was the reason she didn't ask me to waive them. She even spoke highly in my defence." Petition, page 1. Hodges' petition asserts he was found guilty of violating only two conditions of his parole. Hodges also claims that he "wrote an appeal to Parole Board in Little Rock" after his parole was revoked but did not receive a response. He concludes, "All I'm asking is to just be given a chance to prove that I can be an upstanding citizen living a productive life in society." Petition, page 2. At the end of his petition, after the certificate of service, Hodges states that he submitted the writ "because I didn't receive a fair hearing and I

haven't heard anything from or about my appeal from the Arkansas Post Prison Parole Board. My rights were violated, once I was sanctioned 7 days and 30 days ankle monitor and then sent to a hearing and then given 9 months in Arkansas Dept. Of Corrections." Petition, page 3. Hodges does not state what rights were violated.

While the petition does not clearly specify the claims of Hodges, it is clear that he is challenging the revocation of his parole[1]. This claim is without merit. Hodges bears the burden of showing the revocation of his parole offended the constitution. By his own account[2], he was found guilty of failing to report as required and failing to pay his supervision fees. He offers no rebuttal to these charges. Even liberally construing the petition, it appears Hodges simply asks this Court to overturn the parole revocation and provide him another chance. This should be done, according to Hodges, to allow him to show he can be "an upstanding citizen." Petition, page 2.

This Court does not operate as an appeals court in the Arkansas parole revocation process. Instead, Hodges must demonstrate the parole revocation decision was unconstitutionally imposed. He does not even allege such. The record does not suggest any irregularity with the process, much less any error of constitutional magnitude. As a result, we recommend the petition for writ of habeas corpus be dismissed, and the relief requested be denied.[3]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has

---

[1] The assertion that Hodges was not given a choice to waive his rights is not construed to be a claim for relief, as he fails to describe what is meant by this assertion, and further fails to allege this to be a violation of the Constitution or law or treaties of the United States, as required by 28 U.S.C. §2254(a).

[2] As previously noted, the account offered by Felts and documented by Williams shows Hodges violated four conditions of his parole.

[3] Felts also contends dismissal is appropriate for Hodges' failure to raise his claim in state court, citing his failure to appeal the parole revocation. Hodges was invited to address this contention, but did not respond. See docket entries nos. 11 and 13. This contention is accurate, and the procedural failure of Hodges is an alternate basis for dismissing this petition.

made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

 IT IS SO ORDERED this 3rd day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE